Carrol S. Walsh, J.
This is an appeal by the defendant from a judgment of conviction in the Town Justice Court of the Town of Northampton, Fulton County, wherein he was convicted upon a plea of guilty to a charge of driving while his ability was impaired, in violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law. The defendant was fined $25 and his operator’s license was suspended for 60 days.
The defendant appeals on the ground that his plea of guilty was not freely and knowingly entered by reason of the fact that his judgment was impaired at the time of the plea by the consumption of alcohol. He argues that if his ability to operate a motor vehicle was prima facie impaired, he, therefore, also lacked the capacity to enter a plea of guilty. The defendant submits that one whose ability to operate an automobile has been impaired has also suffered an impairment of his ability to freely, knowingly and voluntarily enter a plea of guilty to a traffic infraction.
In the instant case, the defendant was arrested on November 8, 1970 at 7:50 p.m. in the Village of Northville. He was taken by the Chief of Police to the State Police barracks at Fonda, a distance of approximately 30 miles from Northville, where a Breathalyzer test was administered at about 9:10 p.m., the result of the test indicating that he had 0.14% alcohol in his blood. He was returned to Northville, taken before the Town Justice and entered his plea of guilty at about 10:00 p.m. that same evening.
*243 Defendant’s premise is that an individual arraigned on a charge of driving while impaired, within a short period after his arrest, whose ability to drive is prima facie impaired, cannot enter a plea of guilty by reason of the fact that it follows that his ability to knowingly and competently make such an informed decision, reasoned, rational and intelligent, is likewise impaired.
We do not agree. While each case must be separately judged on its own particular facts, it cannot be held, without something more, that impairment of one’s ability to drive a motor vehicle by reason of one’s voluntary consumption of intoxicants automatically and ipso facto means that one’s ability to rationally and with reason form a judgment or make a decision, with awareness of the consequences, is so impaired that a plea of guilty cannot be accepted or that it would be void. Impairment means to make worse, or to lessen, to diminish in quality or excellence.
The drinking driver is a problem on our highways and it has been proven that a high percentage of motor vehicle accidents have been caused as a result of the drinking of one and sometimes both of the drivers. In an effort to eradicate this problem, or at the very least reduce it, laws have been enacted and penalties imposed for violations thereof in an attempt to discourage one who imbibes, even though to no great degree, from operating a motor vehicle at a time he has been drinking. Operating a motor vehicle calls for alertness and quick reflexes and anything which can have the effect of dulling or even stimulating beyond the norm our reflexes certainly can impair our ability to drive from the normal standard employed by us when we are uninfluenced by an intoxicant or a stimulant or a depressant. However, some lessening or diminution of our ability to drive a motor vehicle does not mean that one’s reasoning ability and judgment and comprehension is impaired to such an extent that one is incapable of making a knowledgeable, reasoned, informed decision. A different standard applies to a determination that one’s ability to drive is impaired from the standard applied to a determination that one’s ability to reason is impaired to such an extent that one is incapable of reasoning. It is possible, however, that one is so intoxicated that both his ability to drive and to reason are both so impaired that he is incapable of doing either. As pointed out above, this depends on the facts in each case.
It has been consistently held that an individual’s use of alcoholic beverages or drugs does not in and of itself render invalid a decision or an act on his part, unless at the time of the decision or the act he was under the influence of the intoxicant or drug to such an extent that he was incapable of comprehending the *244 nature of his acts and weighing to a reasonable degree the consequences thereof. Despite the fact that one had been drinking alcoholic beverages to some extent and was under some influence therefrom, and even though it was enough to impair his ability to operate a motor vehicle, nonetheless, if it appeared from common observation that he was capable of exercising judgment, reason and deliberation, he would be held to be competent to render a decision, such as entering a plea of guilty. Remember, too, we are considering impairment, some lessening or diminution, not destruction, so that while some reduction of one’s capacity to voluntarily make a knowledgeable, informed judgment and decision may exist, it does not mean that one does not still possess sufficient capacity to make such a decision despite the diminution. This depends on the individual and the degree to which such individual is affected by the consumption of varying quantities of alcohol or drugs. The effect of drinking or drugs varies from person to person and the question of the effect of intoxicants or drugs upon the capacity of a person is not one that one can be answered by scientific certainty to be determined only by experts, but rather one within common observation, depending upon the facts of each case and to be determined from those facts.
In order to show the impairment by drink or drugs of one’s ability to knowledgeably form a reasoned and rational judgment to such an extent that he lacked the necessary capacity to enter a plea of guilty, and that any such plea so entered would therefore be void, it would be necessary for the accused to set forth facts from which it could be found that at the time of his plea, and not at any other time, he was so under the influence of intoxicants that his comprehension and understanding were either destroyed or clouded and confused, his reason and mind completely confused or deranged, and that he had no independent comprehension of what he was doing or of the consequences of his act. Such facts could be found or adduced from answers of the accused to questions, a description of his manner of speech, his general appearance, manner, demeanor and conduct, his gait and his stance, and other such tests, which based upon common observation and experience would permit a determination whether in the opinion of the court the individual was capable of entering a plea.
However, nothing is to be inferred from the foregoing that the responsibility and obligation of a Judge in accepting a plea of guilty is in any way reduced or lessened. The court in all cases must make a meaningful inquiry to insure that an accused *245 is advised of and fully understands the nature of all of his rights and the consequences of his act and that he is competent to make an informed decision, and that there was a reasoned, rational and intelligent decision on the part of the accused to plead guilty, and factual basis for the plea.
Consistent with the foregoing, there is no showing by the defendant in the instant case that he was incapable at the time he entered his plea of doing so voluntarily, freely and knowingly, and of making a reasoned decision and weighing the consequences. His argument that because his ability to drive a motor vehicle was impaired by reason of his having consumed a quantity of alcoholic beverages, to which he apparently admits in his appeal papers, he, therefore, without showing anything else, lacked capacity to enter a plea of guilty, is without merit. G-ranted, the arraignment and the acceptance of the plea were within a short time of the arrest, but nonetheless it is incumbent upon the defendant to show facts that at the time he entered the plea he was incapable of doing so, and it is not enough merely to show that his driving ability was impaired.
The return of the Town Justice shows that the defendant was arrested at 7:50 p.m., that a Breathalyzer test was administered at 9:10 p.m., at which time the blood alcohol reading was 0.14%, and that he entered his plea at about 10:00 p.m. The return shows that the defendant was advised of all his rights and the consequences of a plea of guilty pursuant to section 335-a of the Code of Criminal Procedure; that he read over and signed legibly the written form of acknowledgment that the provisions of that section were read to him; that the defendant was 23 years old, appeared to be intelligent, spoke English well, and appeared in all respects to understand and comprehend all that the Justice advised him and all of the proceedings. He was fined $25 and had no difficulty in producing the cash and distinguishing the denominations, nor in producing his license. There is nothing in all of this which gives any indication that the defendant was incapable of entering a plea or that a plea of guilty should not have been accepted.
It might be advisable, however, to point out that questions raised by this appeal can be avoided in the future by adjourning an arraignment for the purpose of a plea from one accused of driving while intoxicated or while his ability to do so is impaired for several hours following arrest and arraignment.
The judgment of conviction is affirmed and the appeal of defendant dismissed.